UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT JAY RICHARDSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **RACHELL LONG, ET AL.**, <br><br> Defendants. | 2:22-CV-12188-TGB-JJCG <br><br> HON. TERRENCE G. BERG <br><br><br> **OPINION AND ORDER OF PARTIAL DISMISSAL** |

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Robert Jay Richardson is incarcerated at the Central Michigan Correctional Facility ("CMCF") in St. Louis, Michigan. The Court granted Plaintiff Richardson's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the Court summarily dismisses Defendants Lamb, Bitler, and Oaks.

## I. BACKGROUND

Plaintiff names four defendants, all of whom were employed at CMCF during the events giving rise to this complaint: Rachell Long, a registered nurse; J. Bitler, another registered nurse; M. Oaks, a health unit manager; and Patricia Lamb, a third registered nurse. Plaintiff's claims arise from an injury he sustained on March 17, 2022. He says that,

on that date, he hurt his hand in CMCF's weight room. ECF No. 1, PageID.4. He sought medical care from Defendant Rachell Long, a registered nurse. *Id.* at PageID.4-5. Long did not treat his injury as an emergency and failed to provide adequate medication for his intense pain. *Id.* On March 22, 2022, Plaintiff was sent off-site for an x-ray and diagnosed with a fracture of the fifth metacarpal bone in his right hand. *Id.* at PageID.15. On April 4, 2022, an off-site orthopedist surgically repaired the bone and inserted a pin. *Id.* at PageID.16. Plaintiff was informed that the pin would be removed after 8 to 10 weeks. *Id.* As of the date Plaintiff signed his complaint, approximately 22 weeks after the surgery, the pin had not been removed and was causing him severe pain. *Id.* at PageID.29-30.

## II. LEGAL STANDARD

The Court granted Plaintiff permission to proceed without prepaying the fees or costs for this action. The Court is required to screen any complaint filed by a self-represented incarcerated litigant, and to dismiss the complaint, in whole or in part, if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. A complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right

to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. DISCUSSION

Plaintiff argues that Defendants violated his rights under the Eighth Amendment by delaying medical care, providing inadequate pain management, and failing to provide post-surgery care.

Plaintiff's claims against Defendants Lamb, Bitler, and Oaks are based on their denial of his grievances regarding medical care. Plaintiff alleges no specific involvement of Lamb, Bitler, or Oaks in the alleged unconstitutional conduct. "The mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Correctional*

3

*Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003), "as there is no inherent constitutional right to an effective prison grievance procedure." *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). *See also Martin v. Harvey*, 14 Fed. App'x 307, 309 (6th Cir. 2001) (observing that the denial of a grievance complaining of inadequate medical care "is not the same as the denial of a request to receive medical care"). Moreover, state law does not create any liberty interest in a grievance procedure. *Id.* Failure to act in response to a grievance does not establish a § 1983 violation. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, the Court will dismiss Plaintiff's claims against Defendants Lamb, Bitler, and Oaks.

## IV. CONCLUSION

For the reasons stated, the Court **DISMISSES** Plaintiff's claims against Lamb, Bitler, and Oaks. Plaintiff's claim against Long, who was involved with Plaintiff's treatment, remains.

**IT IS SO ORDERED.**

Dated: November 8, 2022         s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE