UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAY RICHARDSON,

Plaintiff,

v.

RACHELL LONG, *et al*.,

Defendants.

Case No. 22-12188
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION ABOUT PLAINTIFF'S
MOTION FOR LEAVE TO AMEND AND TO SUA SPONTE
DISMISS THE AMENDED COMPLAINT (ECF NO. 16)**

---

## I.    Introduction

Plaintiff Robert Jay Richardson, proceeding pro se and *in forma pauperis*, sues Michigan Department of Corrections (MDOC) employees under 42 U.S.C. § 1983, alleging that the healthcare staff inadequately treated his hand injury.  ECF No. 1.  Richardson moves for leave to amend his complaint.  ECF No. 16.  The Honorable Terrence G. Berg referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 17.

## II.    Background

Richardson's initial complaint alleged that he injured his hand in the

weight room at the Central Michigan Correctional Facility (STF) in mid-
March 2022.  ECF No. 1.  After Richardson notified healthcare about the
injury, registered nurse (RN) Rachell Long gave him ice and ibuprofen for
the "boxer's fracture."  *Id.*, PageID.4-5.  But he said she did not provide a
splint or bandage or "treat [it] as an emergenc[y] that it was."  *Id.*, PageID.4-
5.  Four days later, his hand was x-rayed, revealing a metacarpal fracture.
*Id.*, PageID.5.  He received a bandage and splint a few days later, and he
had off-site surgery in early April to repair the bone and insert pins.  *Id.*  He
also claimed that the surgical pins should have been removed in eight to
ten weeks.  *Id.*  But, as of September 2022, the pins had not been removed
and continued to cause him pain.  *Id.*

Richardson alleged that Long, supervisor J. Bitler, and health care
unit manager M. Oaks failed to provide adequate medical care.  *Id.*,
PageID.5.  He also sued Patricia Lamb, who denied his grievance about
the issue.  *Id.*, PageID.12.  But in November 2022, Judge Berg summarily
dismissed Lamb, Bitler, and Oaks.  ECF No. 6.

Richardson now moves for leave to amend his complaint, alleging the
same facts but adding as defendants RN Amy Rice and off-site orthopedist
Ryan Lilly, M.D.  ECF No. 16, PageID.76.  Richardson alleges that Long
emailed Rice about his injury, but Rice did not request emergency x-rays or

2

issue pain medication, bandages, or a splint.  *Id.*, PageID.78.  And he claims that Dr. Lilly, who performed the hand surgery, failed to timely remove the surgical pins; the pins were removed approximately 22 weeks after surgery—about 12 weeks overdue.  *Id.*, PageID.79, 87.

### III.    Analysis

### A.

The Court first addresses Richardson's motion for leave to amend.  A party may amend his pleadings once as a matter of course within (1) 21 days after serving it or (2) 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Because Richardson filed his first amended complaint before the complaint was served on any defendants, he did not have to move for leave to amend.  *Id.*  Thus, the Court treats Richardson's proposed amended complaint as the operative one.  ECF No. 16.

### B.

The Court must still assess the viability of the amended complaint because Richardson was granted leave to proceed without prepayment of the filing fee for this action due to his indigence.  ECF No. 5.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must screen suits when

the plaintiff is proceeding *in forma pauperis* and dismiss the action sua

sponte if it fails to state a claim, is frivolous, or seeks monetary relief from

immune defendants.  *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134

(6th Cir. 1997).  To survive dismissal, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* court explained,

"[a] claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do

more than create speculation or suspicion of a legally cognizable cause of

action; they must show *entitlement* to relief."  *League of United Latin Am.

Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

    In deciding whether a plaintiff has set forth a plausible claim, the

Court must construe the complaint in the light most favorable to the plaintiff

and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at

678.  Pleadings filed by pro se litigants are entitled to a more liberal reading

than would be afforded to formal pleadings drafted by lawyers, but such

complaints still must plead a plausible claim for relief.  *Davis v. Prison

Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481

4

F.3d 434, 437 (6th Cir. 2007).

## 1.

To start, Richardson's amended complaint includes claims against Patricia Lamb, J. Bitler, and M. Oaks.  ECF No. 16, PageID.76.  But in November 2022, Judge Berg dismissed those defendants.  ECF No. 6, PageID.49-50.  Thus, Richardson cannot include Lamb, Bitler, and Oaks. *See McCarthy v. Scott*, No. 2:05-CV-108, 2005 WL 8161734, at *2 (S.D. Ohio May 4, 2005) (denying plaintiff's motion for leave to file an amended complaint "to the extent that it seeks to reinstate [dismissed defendants].").

## 2.

There are reasons to dismiss the remaining defendants too.  Turning to the claims against Dr. Lilly, a § 1983 claim requires the plaintiff to allege that (1) "some person has deprived him of a federal right" and (2) "the person who has deprived him of that right acted under the color of state or territorial law."  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  A physician who is employed by a state or municipal authority acts under the color of state law when providing medical services to inmates.  *West v. Atkins*, 487 U.S. 42, 54 (1988); *Carl v. Muskegon Cnty.*, 763 F.3d 592, 596-97 (6th Cir. 2014).

Prison authorities have an Eighth Amendment obligation to provide

inmates with adequate medical care, and physicians hired to carry out that

constitutional obligation are "clothed with the authority of state law."  *West*,

487 U.S. at 54-55 (cleaned up).  "Whether a physician is on the state

payroll or is paid by contract, the dispositive issue concerns the relationship

among the State, the physician, and the prisoner."  *Id*. at 56.

> A private doctor who just happens to treat a prisoner but has no
> employment or contractual relationship with the state is not a
> state actor.  *Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009).
> In *Scott*, the court held that a private doctor could not be sued
> under § 1983.  *Id*. at 649.  She had no contractual relationship
> with MDOC or Correctional Medical Services.  Her care and
> treatment of all patients, including any prisoners which may
> have required treatment at Foote Hospital, were determined by
> her own training, experience, and independent medical
> judgment.  Neither MDOC nor Correctional Medical Services
> had any influence, direction, or control over the care and
> treatment of any patient.

*Id*.  The doctor was not "'clothed with the authority of state law,'" but instead

"just happened to be the physician" who treated the plaintiff because of her

privileges at the hospital.  *Id.* (quoting *West*, 487 U.S. at 49).  *See also*

*Thomas v. Nationwide Children's Hosp*., 882 F.3d 608, 612 (6th Cir. 2018)

(holding that parents of children treated at private hospital could not sue

hospital and its doctors under § 1983 because the defendants were "not

organs of the state").

Richardson does not allege that Dr. Lilly, an orthopedist at Central

Michigan Orthopedics, PLLC, had an employment or contractual

6

relationship with the MDOC to provide health services to state prisoners or that his medical decisions were controlled by the MDOC.  *See* ECF No. 16, PageID.76-66, 79.  Thus, because Dr. Lilly is a private doctor and not a state actor, Richardson's § 1983 claims against him must be dismissed. *See West*, 487 U.S. at 49; *Wendt v. Hutchinson*, No. 4:08 CV 12485, 2008 WL 4280117, at *2 (E.D. Mich. Sept. 11, 2008) (sua sponte dismissing § 1983 claims against cardiologist at off-site hospital who provided medical care to prisoner because cardiologist was not a state actor).

### 3.

Next, the Court turns to Richardson's deliberate indifference claims against Rice and Long, registered nurses at the MDOC.

The Eighth Amendment protects against the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 101 (1976).  Because the government must provide medical care for those it has incarcerated, "[d]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain," and thus violates the Eighth Amendment.  *Estelle*, 429 U.S. at 103-04.  But a plaintiff must show more than a mere failure to provide adequate medical care to prove a constitutional violation.  *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).  "A constitutional violation arises only when a

7

prison official exhibits deliberate indifference to a prisoner's serious illness or injury that can be characterized as obduracy and wantonness rather than inadvertence or" good-faith error.  *Id.* (cleaned up).

To prevail on a deliberate indifference claim, an inmate must satisfy both an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  For the objective component, Richardson must allege facts showing that the acts or omissions of Rice and Long deprived him of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm."  *Id.*  The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

Richardson has not pleaded facts supporting the subjective component.  Because Richardson "received treatment for his condition, he must show that his treatment was so woefully inadequate as to amount to no treatment at all."  *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (cleaned up).  When a prisoner was treated, "federal courts are

generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (cleaned up). So a medical provider's "errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference," and she is not liable if she provides "reasonable treatment, even if the outcome of the treatment is insufficient or even harmful." *Rhinehart*, 894 F.3d at 737; *see also Estelle*, 429 U.S. at 106 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Richardson's allegations against Long and Rice concern his allegedly negligent treatment for his fractured hand. He alleges that on a Friday, he saw Long, who diagnosed his hand injury as a "boxers fracture" and gave him ibuprofen and ice. ECF No. 16, PageID.76-77. She told him to keep it elevated and that the on-site doctor would not return until Monday. *Id.*, PageID.77. In her report that day, Long said that Richardson "appears in pain" and that there were signs of a fracture. *Id.*, PageID.82. Long also reported that she told Rice about Richardson's situation, and Rice ordered x-rays. *Id.*, PageID.78, 82, 84. Four days later, Dr. Lilly x-rayed Richardson's hand, confirming that there was a fracture and recommending

surgery.  *Id.*, PageID.77, 80-81, 83.

Richardson alleges that Long should have issued him pain medication, a splint, or a bandage right away.  *Id.*, PageID.78.  He also claims that Rice requested x-rays, marking the priority as "Urgent (review within 72 hours)," but it was "in [her] power to request for emergency x rays for possible emergency surgery."  *Id.*, PageID.78, 84.  And he says that she never saw him or issued him a bandage, splint, or pain medication before the x-rays.  *Id.*

Richardson's complaints that he should have received emergency treatment and a pain reliever other than ibuprofen fail to state a claim of deliberate indifference under the Eighth Amendment.  "An inmate's disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation."  *Rhinehart*, 894 F.3d at 740 (cleaned up); *see also Jessie v. Phaneuf*, No. CV 21-11201, 2023 WL 5988617, at *5 (E.D. Mich. Apr. 19, 2023), *adopted*, 2023 WL 5985492 (E.D. Mich. Sept. 14, 2023) (plaintiff's opinion that nurse "acted without a sense of urgency and should have immediately sent him for x-rays are mere disagreements about the quality of the care she provided, and are insufficient to meet the subjective prong of the deliberate indifference standard.") (cleaned up); *Schaffer v. Schofield*, No. 2:13-CV-323-RLJ, 2015

WL 4522929, *3 n.2, *7-8 (E.D. Tenn. July 24, 2015) (dismissing sua

sponte prisoner's claims that healthcare officials violated his Eighth

Amendment rights when they did not immediately x-ray his ankle and

provide pain medication other than ibuprofen).

Thus, Richardson fails to state viable Eighth Amendment claims

against Rice and Long.

## IV.    Conclusion

The Court thus **RECOMMENDS** that Richardson's amended

complaint (ECF No. 16) be sua sponte **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 9, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And

only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
