UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT JAY RICHARDSON,**<br><br>Plaintiff,<br><br>v.<br><br>**RACHELL LONG, ET AL,**<br><br>Defendants. | 2:22-cv-12188-TGB-EAS<br><br>HON. TERRENCE G. BERG<br>HON. ELIZABETH A. STAFFORD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 19)** |

This matter is before the Court on a Report and Recommendation from Magistrate Judge Elizabeth A. Stafford dated November 9, 2023, recommending that Plaintiff Robert Jay Richardson's claims be dismissed. ECF No. 19. Richardson filed an objection to the Report and Recommendation on November 28, 2023. ECF No. 21. For the reasons set forth below, that objection will be overruled, and the Report and Recommendation to dismiss the amended complaint will be accepted and adopted in full as this Court's findings of fact and conclusions of law.

## I. BACKGROUND

Richardson's amended complaint[1] alleged that he injured his hand in the weight room at the Central Michigan Correctional Facility ("STF")

---

[1] Richardson moved for leave to amend, alleging the same facts as the initial complaint and adding defendants RN Amy Rice and off-site orthopedist Ryan Lilly, M.D. ECF No. 16, PageID.76. Since Richardson filed his first amended complaint before the complaint was served on any defendants, he did not have to move for leave to amend, under Fed. R.

1

in mid-March 2022. ECF No. 16. After Richardson notified prison healthcare about the injury, registered nurse ("RN") Rachell Long gave him ice and ibuprofen for the "boxer's fracture" but did not provide a splint or bandage. ECF No. 16, PageID.76–78. Richardson alleges that Nurse Long emailed RN Amy Rice about his injury, but Rice did not request emergency x-rays or issue pain medication, bandages, or a splint. *Id.* at PageID.78. Four days later, his hand was x-rayed, revealing a metacarpal fracture. *Id.* at PageID.77. He received a bandage and splint a few days later, and he had off-site surgery in early April 2022 to repair the bone and insert pins. *Id.* He also alleges that the surgical pins should have been removed in eight to 10 weeks. *Id.* But, as of September 2022, the pins had not been removed and continued to cause him pain. *Id.* He claims that Dr. Ryan Lilly, who performed the hand surgery, failed to timely remove the surgical pins; the pins were removed approximately 12 weeks overdue at 22 weeks after surgery. *Id.* at PageID.79, 87.

The Court granted Richardson's application to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1). This statute requires courts to screen complaints from self-represented incarcerated litigants and dismiss those that are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

---

Civ. P. 15(a)(1). Therefore, it is deemed an amendment as of right and is the operative complaint.

Richardson alleged that Long, Rice, Lilly, supervisor J. Bitler, and health care unit manager M. Oaks failed to provide him with adequate medical care. *Id.* at PageID.78. In his initial complaint, he also named Patricia Lamb, who denied his grievance about the issue, as a Defendant. ECF No. 1, PageID.12. But in November 2022, this Court summarily dismissed Lamb, Bitler, and Oaks because Richardson did not allege their involvement in the alleged unconstitutional conduct. ECF No. 6, PageID.49–50.

## II.   STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1)(C). On November 28, 2023, Richardson filed an objection to the Report and Recommendation. ECF No. 21.

The district court will make a "*de novo* determination of those portions of the report … to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

### III. DISCUSSION

The R&R determined that summary dismissal was appropriate based on Richardson's failure to state a claim upon which relief can be granted for his Eighth Amendment deliberate indifference claim. The Court now reviews Plaintiff's two objections and overrules them in turn.

> Objection 1. "Plaintiff objects to the Report and Recommendation regarding deliberate indifference claim against defendant Long and defendant Rice." ECF No. 21, PageID.116.

Judge Stafford applied the proper standard of review for a Rule 12(b)(6) motion to dismiss for failure to state a claim when determining that Richardson's Eighth Amendment deliberate indifference claim was legally insufficient. As the R&R states in its analysis section, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* With the pleaded facts—taken in the light most favorable to the Plaintiff and factoring in leniency granted to pro se litigants—the Court cannot reasonably draw an inference that Long or Rice are liable for the claimed constitutional violation. *Iqbal*, 556 U.S. at 678; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Eighth Amendment protects against the imposition of "cruel and unusual punishments," particularly in the context of providing medical care for incarcerated people. U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 101 (1976). As established by the Supreme Court, "[d]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain," thereby violating the Eighth Amendment. *Estelle,* 429 U.S. at 104.

A plaintiff must satisfy both an objective and subjective component to prevail on a deliberate indifference claim. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Judge Stafford's analysis here focuses on Richardson's failure to plead sufficient facts for the subjective component. The subjective component requires proof that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010). Richardson did not plead subjective deliberate indifference by Long or Rice.

Even after considering Richardson's objection, the Court finds that he has not pled sufficient facts to support the subjective component of deliberate indifference. He argues that Long and Rice should have recognized the seriousness of his injury, stating that "[a]ny trained or untrained professional should have recognized the need for immediate

5

medical attention." ECF No. 21, PageID.116. However, Richardson does not plead facts showing that Long and Rice failed to recognize the seriousness of his injury. On the contrary, he acknowledges that Long and Rice noted the possibility of a fracture and Rice requested x-rays with an "urgent" priority, meaning the request would be reviewed within 72 hours. ECF No. 16, PageID.78. Richardson disagreed with Rice's decisions to classify the priority as "urgent" instead of as an "emergency" and not to issue him a bandage, splint, or back pain medication other than ibuprofen. *Id.*

In *Rhinehart v. Scutt*, 509 F. App'x 510 (6th Cir. 2013), the Sixth Circuit held that "[n]either negligence alone, nor a disagreement over the wisdom or correctness of a medical judgment is sufficient for the purpose of a deliberate indifference claim." *Id.* at 513 (citing *Estelle*, 429 U.S. at 106. Richardson's claims—that the priority should have been classified as an "emergency" instead of "urgent" and that he should have been issued a bandage, splint, or pain medication other than ibuprofen—constitute mere disagreements over medical judgment. ECF No. 16, PageID.78; *see, e.g., Jessie v. Phaneuf*, No. 21-11201, 2023 WL 5988617, at *5 (E.D. Mich. Apr. 19, 2023), *report and recommendation adopted*, 2023 WL 5985492 (E.D. Mich. Sept. 14, 2023) (holding that a plaintiff's opinions that a nurse lacked urgency and should have ordered immediate x-rays were merely disagreements about care quality and thus insufficient to meet the subjective component of deliberate indifference).

6

Thus, Richardson has only demonstrated a disagreement over medical judgment rather than deliberate indifference.

Further, Richardson refers to the Supreme Court case, *Hope v. Pelzer*, 536 U.S. 730 (2002), which held that the subjective component of a deliberate indifference claim can be inferred "from the fact that the risk of harm is obvious." *Id.* at 738; ECF No. 21, PageID.116. There, the obvious risk was illustrated by the treatment of a prisoner who was handcuffed to a hitching post without a shirt for about seven hours under the sun. *Id.* at 734–35. During this time, he received minimal water, no bathroom breaks, and was taunted by a guard about his thirst. *Id.*

Unlike in *Hope*, where the risk of harm was immediately evident and severe, the current case involves a professional judgment call regarding the prioritization of medical treatment and does not involve any deliberate deprivation of basic needs or exposure to inhumane conditions. *Hope* is thus not applicable to this case, as the nature of the alleged indifference and the obviousness of the risk of harm are significantly different.

Richardson also argues that the nurses' negligence amounts to deliberate indifference since the nurses could foresee that leaving a hand fracture untreated would result in cruel and unusual punishment. ECF No. 21, PageID.117. He supports this claim by asserting that the nurses violated their duty of care to him and that the harm he suffered was a

7

reasonably foreseeable consequence of their failure to provide appropriate treatment. *Id.*

In the Sixth Circuit, the distinction between negligence and deliberate indifference in medical care within correctional facilities is well-defined. "[A] medical professional who assesses a patient's condition and takes steps to provide medical care, based upon the condition the professional has perceived, is not acting with indifference." *Blaine v. Louisville Metro. Gov't*, 768 F. App'x 515, 526 (6th Cir. 1991). The court further stated that "[a] patient alleging deliberate indifference must show more than negligence or gross negligence, or the misdiagnosis of an ailment." *Id.*

Richardson's claim fails because, even accepting his assertion that the nurses were negligent by breaching their duty to prevent reasonably foreseeable harms, their actions do not rise to the high standard of deliberate indifference. As established in *Blaine*, incorrect medical assessments or treatment decisions do not constitute deliberate indifference. *Id.*

Therefore, after accepting all Richardson's pleaded facts as true and factoring in the leniency granted to pro se litigants, he has still failed to state a claim upon which relief can be granted for his deliberate indifference claim. This objection is **OVERRULED**.

<u>Objection 2.</u> "Plaintiff objects to part of the report and recommendation that states his failure to state a claim." ECF No. 21, PageID.117.

As discussed above, Judge Stafford found, and this Court agrees, that Richardson failed to plead sufficient facts to support a claim for an Eighth Amendment deliberate indifference claim against Long or Rice.

This Court also agrees (without objection) that Plaintiff has failed to state a claim against Dr. Lilly because a 42 U.S.C. § 1983 claim requires the plaintiff to allege deprivation of a federal right by someone acting under the color of state law. ECF No. 19, PageID.106–08. Dr. Lilly is a private doctor, not a state actor. Again, Richardson fails to state a claim against Lamb, Bitler, and Oaks because he did not allege their involvement in the alleged unconstitutional conduct. *See* ECF No. 6, PageID.49–50.

Further, this objection, construed as a broad opposition to summary dismissal, is not sufficiently specific to warrant this Court's consideration. "[O]nly those specific objections to the magistrate's report made to the district court will be preserved," and all other objections will be waived. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)). Thus, this objection is **OVERRULED**.

### IV. CONCLUSION

Plaintiff Richardson has not shown that there are any legal errors in the R&R's conclusions that Richardson failed to plead sufficient facts

9

to support an Eighth Amendment deliberate indifference claim against Long or Rice. On this Court's own review, the R&R correctly determined that Plaintiff Richardson failed to state viable Eighth Amendment claims against Rice and Long because he only demonstrated a disagreement over medical judgment rather than deliberate indifference. He also failed to state a claim against Lilly, Lamb, Bitler, and Oaks for the reasons explained. Thus, for the reasons set forth herein, Richardson's objection is **OVERRULED.**

It is hereby **ORDERED** that Magistrate Judge Stafford's Report and Recommendation of November 9, 2023, ECF No. 19, is **ACCEPTED** and **ADOPTED**. The Clerk of the Court is respectfully directed to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated:  July 18, 2024       /s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE